**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No

RENAE MOWAT, NIKKI MACK,
ARKLYNN RAHMING, and QUENNA HUMPHREY individually
and on behalf of all other similarly situated individuals,

                    Plaintiffs,
vs.

DJSP ENTERPRISES, INC., a Florida Corporation, DJSP
ENTERPRISES, INC., a British Virgin Islands Company,
and LAW OFFICES OF DAVID J. STERN, P.A.,
DAVID J. STERN, individually,

                    Defendants.
_____/

## CLASS ACTION COMPLAINT

        Plaintiffs Renae Mowat, Nikki Mack, Arklynn Rahming, and Quenna Humphrey

individually and on behalf of all others similarly situated, for their Complaint against

Defendants, DJSP Enterprises, Inc., a Florida corporation, DJSP Enterprises, Inc., a British

Virgin Islands Company, (collectively hereinafter referred to as "DJSP"), Law Offices of David

J. Stern, P.A., ("Stern, P.A.") and David J. Stern ("Stern") state as follows:

### NATURE OF CASE

1)      Plaintiffs bring this action on behalf of themselves and other similarly situated former

employees who worked for the Defendants in Plantation, Florida and who were terminated as a

consequence of mass layoffs by the Defendants beginning on September 23, 2010 and who were

not provided sixty (60) days advance written notice of the mass layoffs by Defendants as

required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*.

1

*Mack, et al. v. DJSP*
Class Action Complaint

("WARN Act").

2)      Plaintiffs and all similarly situated employees seek to recover back pay for each day of WARN Act violation and benefits under 29 U.S.C. § 2104.

3)      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1334 and 1367, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

4)      Venue over this matter is appropriate in this Court pursuant to 29 U.S.C. 2104(a)(5) because the acts constituting the violation of the WARN Act occurred, and the claims arose in this district.  Venue is also proper under 28 U.S.C. §1391(a) and (b).  The acts complained of occurred in the State of Florida and, at all relevant times, material hereto, the Defendants conducted business with and through the other named Defendants who also conducted business with and through the other Defendants and their subsidiaries and the named individual Defendant, David J. Stern, resides in this judicial district, and all of or a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## **PARTIES**

5)      Plaintiff, Renae Mowat, is and was at all material times relevant hereto, a resident of Broward county, Florida, *sui juris*, and a full-time employee of DJSP at the time she was terminated on November 18, 2010.

6)      Plaintiff, Nikki Mack, is and was at all relevant times material hereto, a resident of Miami-Dade county, Florida, *sui juris* and a full time employee of DJS Processing, LLC, a wholly owned subsidiary of DJSP, at the time she was terminated on October 21, 2010.

7)      Plaintiff, Arklynn Rahming, is and was at all material times relevant hereto, a resident of Broward county, Florida, *sui juris*, and a full-time employee of DJS Processing, LLC at the time

2

she was terminated on October 21, 2010.

8)      Plaintiff, Quenna Humphrey, is and was at all material times relevant hereto, a resident of Broward county, Florida, *sui juris*, and a full-time employee of DJS Processing, LLC at the time she was terminated on October 22, 2010.

9)      At all times relevant and material hereto, all Plaintiffs, were either full time employees of the Defendant, DJSP or its wholly owned subsidiaries, or they were temporary employees, other than part-time employees, and are to be counted in determining that the threshold requirements of the Act are met.

10)     Plaintiffs were Defendants' employees who, in addition to other substantial employee benefits, earned regular compensation and were damaged by Defendants' violations of the WARN Act.

11)     The individual plaintiffs identified in the above paragraphs will be known collectively hereinafter as "Plaintiffs." Defendant DJSP Enterprises, Inc.  ("DJSP") is a traded foreign company under the NASDAQ stock symbol DJSP (CIK #0001436612) incorporated in the British Virgin Islands, and formally known as Chardan, Inc., with its principal business office located at 900 South Plantation Road, Suite 400, Plantation, FL 33324.

12)      DJSP, a Florida corporation has its principal business office located at 900 South Plantation Road, Suite 400, Plantation, FL 33324.

13)     DJSP Enterprises, Inc. (f/k/a Chardan 2008 China Acquisition Corp. with Kerry S. Propper CEO), is the parent company to all of its subsidiaries.  Upon information and belief, Plaintiffs allege that Defendants are a single employer because Defendants maintain a common

3

corporate headquarters and have fully integrated and interdependent business operations and share personnel policies that emanate from a common source.

14)     Defendant, DJSP Enterprises, Inc. ("DJSPFL") was organized under the laws of Florida as a For Profit corporation, on October 1, 2009, by the individual Defendant David J. Stern, who also serves as its registered agent.  As of September 29, 2010, the company while still operating and availing itself of the laws of Florida was administratively dissolved by the Secretary of State of Florida  It is unknown whether DJSPFL is a related affiliate or subsidiary of DJSP

15)     DJSP maintains a second location situated in Plantation, Florida 8100 SW 10th Street, Plantation, FL 33324 and operated as a single site.

16)     Defendant, Law Offices of David J. Stern, P.A. ("DJSPA") is a Florida for profit professional association, organized under the state of Florida with its principal place of business head-quarter offices at 900 South Plantation Road, Suite 400, Plantation, FL 33324.   Its registered agent is also David J. Stern, individually, at 900 South Plantation Road, Suite 400, Plantation, FL 33324.

17)     At all material times Defendant David J. Stern "was a resident of Broward County, Florida, *sui juris,* and has acted individually and on behalf of all corporations and/or subsidiary limited liability companies.

18)     Upon information and belief, David J. Stern, through his affiliates or subsidiaries was the creator, originator, and principal of all other Defendants.

19)     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants herein was, at all times relevant to this action, the agent, employee, or joint venture of the remaining Defendants and was acting within the course and scope of that relationship.  Plaintiffs are further

4

informed and believe, and thereon allege, that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining Defendants.

20)	Upon information and belief, Stern is personally liable as an officer and/or director of the dissolved Florida corporation.


## FACTS

21)	Plaintiffs and Class Members were terminated on the respective dates of September 23, 2010, October 14, 2010, October 21-22, 2010, November 5, 2010, and November 18, 2010.

22)	Between on or about September 23, 2010 and November 18, 2010, DJSP Enterprises terminated approximately 700 employees of their approximately total 1200 employees, without providing them with the sixty days notice required under the WARN Act.

23)	Early terminations by DJSP of Employees, such as those made in late September and/or early October were made quietly, one on one, and without warning usually by a direct supervisor or manager.

24)	The Plaintiffs were full time employees as used in the Act.

25)	The Plaintiffs who were temporary employees, other than part-time employees, are counted as employees as used in the Act because the contract for temporary employment was a part of a long term relationship between Defendants, temporary employees and their agents.

26)	All of the Plaintiffs were affected employees as used in the Act and suffered an employment loss as defined by the Act.

27)	In the time prescribed by the Act, the Defendants permanently terminated the affected employees.

5

*Mack, et al. v. DJSP*
Class Action Complaint

28)     Further, more than 50 employment losses occurred during a single 30 day period.

29)     The statutory period under the WARN Act began on July 26, 2010 which is sixty (60) calendar days before the first employment losses began on September 23, 2010.

30)     Plaintiffs who voluntarily departed or took an early retirement whether in exchange for Defendants' incentives such as severance packages in some instances are also covered by the Act as affected employees because their "departure" was not voluntary under the Act. The Defendants intended to cause mass resignations of their employees in order to avoid liability under the WARN Act.

31)     Some Plaintiffs also resigned in the face of active criminal and civil investigations against the Defendants, which investigations Defendants knew or should have known caused a hostile or intolerable work environment and thus were not voluntary under the Act

32)     Defendants' actions rose to the level of coercion in some of the terminations, thus that the employees who resigned or were terminated were "affected employees" under the Act.

33)     Some of these employees may have been offered/provided with a "severance" payment upon the signing of a release.  However the severance, if any, was upon information and belief, less than the equivalent pay had the employees received appropriate notice under the WARN Act.

34)     On July 27, 2010, DJSP announced that it knew it had to focus on its legacy population as new referrals had decreased.[1]

35)     On October 14, 2010 DJSP announced that it had reduced its workforce by 10% citing a reduction in file volume.  Specifically, the company press release stated "The suspension of

---

[1] http://www.sec.gov/Archive/edgar/data/1436612/000121390010003007/f6k072810ex99ii_djsp.htm.

*Mack, et al. v. DJSP*
Class Action Complaint

foreclosure cases has adversely impacted file volumes in each of DJPS's foreclosure, title and REO liquidation divisions." DJSP Press Release, October 14, 2010, http://ir.djspenterprises.com/releasedetail.cfm?ReleaseID=518764.  There have also been reports in the press that a number of the clients of Law Offices of David J. Stern, P.A. have or plan to suspend new referrals to the firm pending resolution of an investigation of the law firm announced by the Attorney General of the State of Florida this past August.  David J. Stern, the then acting Chairman and CEO commented, "Recent developments in the industry are unprecedented.  We are closely monitoring developments in the industry and will take any necessary additional steps as dictated by these developments."  See DJSP Press Release, October 14, 2010.

36)     Upon information and belief, Defendants knew additional terminations were anticipated, but failed to provide employees, nor State and Local authority with advance notice as required under the WARN Act.

37)     The following week on October 21, 2010 and October 22, 2010, DJSP terminated approximately 198 additional employees.

38)     Each of the employees terminated on these days was not provided with advance notice but was terminated in a meeting with a Human Resource Director on the same day and provided with a termination letter. (October 21, 2010 DJSP termination letter, Exhibit A).

39)     The October 21, 2010 DJSP termination letter (Exhibit A) sent to employees affected by the October 21 and 22, 2010 separation cites a loss of 75% of Defendants' referral business in the past six months which has caused DJSP to lay-off a substantial amount of the staff across the company.

7

*Mack, et al. v. DJSP*
Class Action Complaint

40)     Again the employees were provided with no notice, severance, and barely an opportunity to gather their personal items before security badges and telephone extensions were deactivated.

41)     According to the company's press release dated October 22, 2010, this reduction in workforce brought the total number of "layoffs" to 300. DJSP Press Release, October 22, 2010, http://ir.djspenterprises.com/releasedetail.cfm?ReleaseID=521969.

42)     On November 4, 2010, DJSP terminated approximately 435 additional employees by an email notification. (November 4, 2010 DJSP termination email, Exhibit B).

43)     Meanwhile publicly DJSP announced that it has instituted further staff reductions as a result of announcements by Fannie Mae and Freddie Mac that they had terminated their relationships with DJSP's primary client, Law Offices of David J. Stern P.A.  DJSP has reduced its staffing levels by an additional 416 employees bringing the total number of layoffs to more than 700 since the reduction in staff was disclosed in a 6-K filing with the Securities and Exchange Commission.     DJSP,     6-K,     http://www.sec.gov/Archives/edgar/data/-1436612/000114420410057829/v201096_6k.htm,     Exhibit   No.   99.1,     http://www.sec.gov/-Archives/edgar/data/1436612/000114420410057829/v201096_ex99-1.htm, November 4, 2010.

44)     Defendants were aware of their obligations under the WARN Act, as they filed a WARN Notice with the State of Florida on or about November 9, 2010, but upon information and belief said notice only applied to the period of November 4-12, 2010  but did not eliminate the Defendants' responsibility under the WARN Act.

45)     By failing to disclose their true intentions to make mass layoffs, Defendants deceived their employees from looking for other work and/or making contingent plans while Defendants continued to operate unabated.

*Mack, et al. v. DJSP*
Class Action Complaint

46)     As a result of Defendants' discontinuance of service of employees without notice, hundreds of jobs in the South Florida Area have been lost.

47)     Any suggestion that the employees are in "lay-off status" rather than termination does not match the reality reflected by the company's press release that over 700 jobs have been eliminated.

48)     Moreover, DJSP has not been honest and upfront with the remaining approximately 200-300 employees to advised them that the company may not be able to continue in business as has now been suggested by the default of their business loans, rent and temporary forbearance agreement to attempt to salvage the remaining business operation, which may not survive.

49)     The remaining employees still have not received appropriate notice under the statute that might permit them to look for other employment, retrain, or otherwise make arrangements to avoid the possibility of unemployment without notice as required under the WARN Act.

## CLASS ACTION ALLEGATIONS

50)     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act (29 U.S.C. § 2104(a)(5).

51)     Plaintiffs bring this action for themselves and on behalf of a class of all similarly situated employees.  The "Class" or "Class Members" Plaintiffs seek to certify are defined as:

> All employees of the Defendants who were terminated from employment at
> Defendants' Plantation site without being provided sixty (60) days written notice
> of a mass layoff before the date of their termination.  Excluded from the Class are
> any part time employees.

52)     Excluded from the Class are Defendants, any subsidiary or affiliate of Defendants, the directors and officers of Defendants or its subsidiaries or affiliates, or any entity in which any

9

excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person and members of the federal judiciary.

53)   Upon information and belief, Plaintiffs estimate that the class comprises at least seven hundred (700) Class Members and the Class is so numerous that joinder of all Class Members is impracticable.   The members of the class can be identified and located using information contained in the Defendants' human resources records.

54)   There are common questions of law and/or fact common to the class that predominate over any questions affecting only individual Class Members.   The questions of law and fact common to the class arising from Defendants' actions include, but are not limited to the following:

   a.   Whether the provisions of the WARN Act apply;

   b.   Whether Plaintiffs and Class Members are "affected employees" as used in the Act;

   c.   Whether Defendants' employee terminations beginning September 23, 2010 constitute a "termination" and/or "mass layoff" under the WARN Act;

   d.   Whether Defendants failed to provide the notices required by the WARN Act (29 U.S.C. § 2102(b));

   e.   Whether Defendants can avail themselves of any of the provisions of the WARN Act which permit lesser periods of notice;

   f.   The appropriate formulae to measure damages under the WARN Act (29 U.S.C. § 2104(a)(2)); and

   g.   The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act (29 U.S.C. § 2104(a)(2)).

10

*Mack, et al. v. DJSP*
Class Action Complaint

55)     Plaintiffs' claims are typical of those of the Class Members.  Plaintiffs and the Class

Members were subjected to the same kind of unlawful conduct and the claims of Plaintiffs and

the Class Members are base on the same legal theories and questions of law and fact pursuant to

the WARN Act.

56)     Plaintiffs will fairly and adequately protect the interests of the class the Plaintiffs

represent.  Plaintiffs' interests do not conflict with the interests of the class, and the Plaintiffs

intend on prosecuting this action vigorously.

57)     Plaintiffs have retained experienced counsel qualified in class litigation and counsel are

competent to assert the interests of the class.

58)     The unlawful acts of Defendants, as alleged herein, constitute a course of conduct

common to Plaintiffs and each Class Member.  Prosecution of separate actions by individual

Class Members would create a risk of inconsistent of varying adjudications which would

establish incompatible standards of conduct for Defendants and/or substantially impair or impede

the ability of the individual Class Members to protect their interests.

59)     Upon information and belief, Defendants, and each of them, have acted or refused to act

on grounds generally applicable to the Class.

60)     Questions of law and/or common to the Class Members, including the issues identified

above, predominate over questions affecting only individual Class Members, and a class action is

superior to other available methods for fair and efficient adjudication of the controversy.  Class

action treatment will allow a large number of similarly situated individuals to simultaneously

pursue their common claims in a single forum in an efficient manner, without unnecessary

duplication of effort and expense that would be required if numerous individual actions were

*Mack, et al. v. DJSP*
Class Action Complaint

pursued.  However, the affected employees must opt-in to this litigation so that his or her right to damages can be determined and quantum of damages can be calculated by the court.

## COUNT I

### Violations of the United States Worker Adjustment and Retraining Notification Act

61)     Plaintiffs incorporate each and every paragraph 1-60 of this Complaint is fully set forth herein.

62)     At all times material herein, Plaintiffs, and similarly situated persons, have been entitled to the rights, protections and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et seq*.

63)     The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period.

64)     Defendants were, and are, subject to the notice and back pay requirements of the WARN Act because it is a business enterprise that employs 100 or more employees, excluding part-time employees, as defined in the Act. 29 U.S.C. § 2101(1)(A).

65)     Defendants willfully violated the WARN Act by failing to provide the required notice.

66)     Section 2103 of the WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. § 2103(1)-(2).  None of the WARN Act exemptions apply to Defendants' failure to provide required notice to Plaintiffs and Class Members.  Accordingly, Plaintiffs and Class Members must receive the notice and back pay required by the WARN Act (29 U.S.C. § 2101(1)(A)).

67)     Plaintiffs and Class Members have been damaged by Defendants' conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated

12

*Mack, et al. v. DJSP*
Class Action Complaint

benefits for each day of the violation.  Defendants have not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

68)    Defendants did not announce their operational restructuring until after it began mass layoffs of its employees.

69)    Defendants, it subsidiaries and agents made false representations and statements even before sending out its letters of terminations or the WARN Notice finally filed with the State of Florida on or about November 9, 2010.

70)    DJSP is the parent or controlling entity liable under the Act to the affected employees.

71)    Notice was required to be received not merely given sixty (60) calendar days before separation, and although most employees received their notice by electronic mail communication, they were only given a matter of hours or less to gather their personal belongings, which is a further violation of the Act.

72)    Defendants' notice that was finally provided to the State and the termination letters provided to the affected employees disclose the reason for termination was decline in business which had occurred over the past six month; and therefore Defendants do not meet the exemption requirements under the Act of a faltering business or unforeseeable changes in business circumstances

73)    Defendants knew of should have known that their own conduct was the cause of the actual change in business circumstance, as evidenced by their public statements through their SEC filings, and were thus foreseeable.

74)    Defendants cannot allege in good faith that the terminations were unforeseeable due to business circumstances as the circumstances were a) not unexpected conditions outside the

13

employers control and therefore, b) not sudden or dramatic but in part because of their very own

actions which they knew of long before the terminations

75)

Defendants had plenty of advance opportunity to provide notice to Plaintiffs and Members of the

Class of the potential for mass layoffs and/or terminations, and instead willfully chose to remain

silent in violation of the WARN Act.

76)      On September 8, 2010 in a recorded statement to the Public Investors of DJSP, discussing

the second quarter results, Defendant Stern advised that "staff levels could not stay at their

current levels", but no such information was ever published to the Employees nor filed with the

State, nor local authority as required by the Act.

77)      Thus, the Defendants are employers as used in WARN.

78)      Plaintiffs are "affected employees" as defined under the WARN Act. 29 U.S.C. §

2101(a)(5).

79)      None of the affected employees were provided advance written notice or in the

alternative appropriate pay and benefits due under the WARN Act.

80)      Some of the affected employees were constructively discharged by Defendants.

81)      Defendants were aware of their liability under the WARN Act notice and payment

requirements and wrongfully and knowingly failed to provide notice as required for their own

economic gain.

82)      Business circumstances do not absolve the Defendants of liability under the Act.

83)      Each Plaintiff is entitled to the amount of back pay and benefits for the period of the

violation of the Act by Defendants, jointly and severally.

14

84)     Plaintiffs have been required to retain counsel in this matter to protect Plaintiffs' rights

and have incurred attorneys' fees and costs in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants and an Order providing

for:

1.      Certification of the Class pursuant to Rule 23 of the Federal Rule of Civil Procedure;

certifying Plaintiffs as representatives of the Class and designating their counsel of record as

counsel for the Class;

2.      Finding that each of the Defendants has violated the WARN Act and therefore holding

Defendants jointly and severally liable to Plaintiffs and the Class in an amount to be determined;

3.      Compensatory damages in an amount equal to at least the amounts provided by the

WARN Act (29 U.S.C. § 2104(a));

4.      Reasonable attorney fees and costs;

5.      Pre-judgment interest as may be determined by statute and rule; and

6.      Such other and further relief as the Court may deem necessary or appropriate

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a trial

by jury of all issues so triable.

Dated: November 24, 2010.


                                        __\s\ Steven Jaffe_____
                                        Gary Farmer FLBN 914444
                                        Steven Jaffe FLBN 390770
                                        Mark Fistos FLBN 909191
                                        Seth Lehrman FLBN 132896

15

*Mack, et al. v. DJSP*
Class Action Complaint

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
Tel.: 954-524-2820
Fax: 954-524-2822
gary@pathtojustice.com

Chandra Doucette  FLBN 412716
Attorney at Law
621 NW 53rd Street, Suite 240
Boca Raton, FL 33487
(561)995-1490 office
(561)995-1499 fax
chandra@chandralaw.net

Dawn M. Rapoport  FLBN 13176
Rapoport Law Group
1314 East Las Olas Blvd. # 121
Fort Lauderdale, FL 33301
(954)712-7457  office
(954)337-3759  fax
dawn@rapoportlawgroup.com

Attorneys for Plaintiffs

16

*Mack, et al. v. DJSP*
Class Action Complaint