UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-62302-CIV-Ungaro

RENAE MOWAT *et al.*,
    Plaintiffs,

v.

DJSP ENTERPRISES, INC., *et al.*,
    Defendants.
_____/

## ORDER ON MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendant David J. Stern's Motion to Dismiss (D.E. 28) and Defendant Law Offices of David J. Stern's Motion to Dismiss (D.E. 27).

THE COURT has considered the Motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

Plaintiffs bring this action to recover back pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("the WARN Act"). The following facts are taken from Plaintiffs' First Amended Class Action Complaint. (D.E. 22.)

Defendants, DJSP Enterprises, Inc., a British Virgin Island corporation ("DJSP BVI"), DJSP Enterprises, Inc., a Florida Corporation ("DJSP FL"), DAL Group, LLC ("DAL Group"), DJS Processing, LLC ("DJS Processing"), Professional Title and Abstract Company of Florida, LLC ("Professional Title"), Default Servicing, LLC ("Default Servicing"), Law Offices of David J. Stern ("DJSPA"), and David Stern terminated more than eight hundred employees without proper legal notice as part of a series of mass layoffs.

DJSP BVI provides non-legal services that are ancillary to and support the residential real estate foreclosure market and lender owned real estate operation services. DJSP FL and DJSP BVI operate as a single entity out of a single site and maintain a common location in

Plantation, Florida.  DJSP BVI is the parent entity to DAL Group and directly owns 71% of DAL Group.  DAL Group is the holding company to three operating subsidiaries, DJS Processing, Professional Title, and Default Servicing, and directly owns 100% of these entities.  DJSPA is a law firm founded and solely owned by David J. Stern.  DJSPA is DJSP BVI's primary client.  In addition to owning DJSPA, Stern has held the position of Chairman of the Board and President of DAL Group, DJS Processing and DJSP BVI.   Stern  has an employment agreement with DJSP BVI and was DJSP BVI's largest creditor.

Plaintiff Renae Mowat was a full-time employee of DJS Processing at the time she was terminated on November 18, 2010.  Plaintiffs Nikki Mack and Arklynn Rahming were  full-time employees of DJS Processing at the time they were terminated on October 21, 2010.  Plaintiff Quenna Humphrey was a full-time employee of DJS Processing at the time she was terminated on October 22, 2010.[1]

In their First Amended Class Action Complaint, Plaintiffs allege that Defendants violated the WARN Act by failing to provide Plaintiffs and other terminated employees with the sixty-day advanced written notice that is required by the Act.  Defendants David J. Stern and Law Offices of David J. Stern file the Motions to Dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), arguing that they do not qualify as "employers" under the WARN Act.

**II.  Legal Standard**

In order to state a claim, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a court, at this stage of the litigation,

---

[1] The parties have stipulated in their Joint Planning and Scheduling Report that all the named plaintiffs in the instant action were employees of DJS Processing.  (D.E. 30 at 4–5.)

must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. (citation omitted). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. (citation omitted). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id*. (internal quotations and citation omitted). Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id*. (citation omitted).

**III. Discussion**

The WARN Act prohibits an employer from ordering a "plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closing or layoff to its employees. 29 U.S.C. § 2102(a). An employer that violates this notice provision is required to provide "back pay for each day of violation." 29 U.S.C. § 2104(a)(1). "In short, [the] WARN

[Act] imposes a statutory duty on businesses to notify workers of impending large-scale job losses and allows for limited damages '\designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings. " *Staudt v. Glastron, Inc.*, 92 F.3d 312, 314 (5th Cir. 1996) (internal quotations omitted).  The WARN Act and the Department of Labor regulations define "employer" as any "business enterprise" that employs one hundred or more employees.  29 U.S.C. § 2101(a)(1); 20 C.F.R. § 639.3(a)(1).

Stern argues that he is an individual, and thus, does not qualify as an employer under the WARN Act.  Plaintiffs contend that individuals qualify as employers under the WARN Act; that Stern is considered an employer under the single employer test; and that Stern qualifies as an employer under an alter ego theory.  DJSPA also argues that it does not qualify as an employer under the WARN Act.  Plaintiffs contend that DJSPA is an employer under the single employer test and the alter ego theory.

**A.  Stern as an "Employer" under the WARN Act**

Plaintiffs argue that an individual, such as Stern, is considered a "business enterprises," and thus, Stern is an employer under the WARN Act.  Stern argues otherwise.  The Court agrees with Stern.  In *Cruz v. Robert Abbey, Inc.*, 788 F.Supp. 605, 608 (E.D.N.Y 1991), the court considered whether an individual qualifies as an employer under the WARN Act and concluded that "Congress defined 'employer' as a 'business enterprise' and intended a 'business enterprise' to mean a legal entity- e.g. corporation, limited partnership, or partnership-not an individual."[2]

---

[2]The court cited the Senate-House Conference Report accompanying the WARN legislation, which stated as follows:
" ' *Employer* '. The Conference Agreement retains the Senate Amendment language that the term 'employer' means a business enterprise. *The Conferees intend that a 'business enterprise' be deemed synonymous with the terms company, firm or business,* and that it

Stern is an individual, thus he does not qualify as an "employer" under the WARN Act, unless he meets the definition pursuant to the single employer test or alter ego theory .

### B. Stern and DJSPA as "Employers" under Single Employer Test

Plaintiffs argue that WARN Act liability is imputed to Stern and DJSPA under the single employer test. Stern and DJSPA contend that Plaintiffs fail to sufficiently allege all the elements of the single employer test.

Two or more affiliated businesses which constitute a "single employer" may be held jointly and severally liable for violations of the WARN Act. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 478 (3d Cir. 2001). The Department of Labor ("DOL") regulations issued under the WARN Act provide that two or more affiliated businesses may be considered a single business enterprise for WARN Act purposes. 20 C.F.R. § 639.3(a)(2). The regulations provide a five-factor balancing test to assess whether affiliated businesses constitute a "single employer," which would subject them to joint liability under the WARN Act. *See Pearson*, 247 F.3d at 478. The five DOL factors are as follows: (1) common ownership, (2) common directors and/or officers, (3) unity of personnel policies emanating from a common source, (4) dependency of operations, and (5) de facto exercise of control. *Id*. at 487– 490; 20 C.F.R. § 639.3(a)(2).

Plaintiffs adequately allege the five elements of the single employer test. First, Plaintiffs plead common ownership. Plaintiffs allege that Stern is the sole shareholder of DJSPA and that he owns 33.15 % of DJSP BVI, and accordingly, Stern and DJSPA have a significant stake in

---

consist of one or more sites of employment under common ownership or control. For example, General Motors has dozens of automobile plants throughout the country. Each plant would be considered a site of employment, but as provided in the bill, there is only one 'employer'-General Motors." House Conf. Rep.No. 100-576 (emphasis added).

DJSP BVI and its corporate affiliates. (D.E. 22 ¶¶ 34, 36.) Second, Plaintiffs adequately plead the common director element. Plaintiffs state in the amended complaint that at all material times Stern was an officer and/or director of DJSP BVI, DAL Group, DJS Processing and DJSPA. (*Id*.) Third, Plaintiffs sufficiently plead the unity of personnel policies element of the single employer test. Plaintiffs allege that DJSPA and the other corporate defendants maintained a common human resources department that performed the hiring and firing functions for all the defendants and played a central role in the defendants' day-to-day employment practices. (*Id*. ¶¶ 4, 53.) Plaintiffs also allege that Stern and the common human resource department decided on the mass layoffs and that Stern signed the email notifying employees about the layoffs. (*Id*. ¶¶ 53, 55.) Fourth, Plaintiffs properly plead the dependency of operations element of the test. Plaintiffs allege that DJSPA is precluded from pursuing any material business that does not require the use of DJS Processing; that all the defendants maintain a centralized telephone system, interconnected email system, and shared physical plant; and that all the defendants use DJSPA's 401(k) plan. (*Id*. ¶¶ 50, 52, 54.) Additionally, DJSP BVI has acknowledged in a public filing with the Securities and Exchange Commission ("SEC") that "[i]f Mr. Stern becomes unable to perform his duties under his employment agreement for any reason or otherwise chooses not to perform such services, it is possible that the client relationships of [DJSPA], and therefore the volume of referrals that we receive from [DJSPA] would suffer, materially reducing our revenues and profitability." (*Id*. ¶ 79.) Fifth, Plaintiffs adequately plead that Stern and DJSPA exerted control. Plaintiffs allege that Stern is the largest creditor of DJSP BVI. (*Id*. ¶ 79.) A creditor can have de facto control if it is "the decisionmaker responsible for the employment practice giving rise to the litigation." *Pearson*, 247 F.3d at 504. Here, Plaintiffs

allege that Stern was responsible for the mass layoffs that gave rise to the instant litigation. (*Id*. ¶¶ 53, 55.) Moreover, Plaintiffs' allegations that DJSP BVI acknowledged in its SEC filing that Stern's inability or unwillingness to perform his duties under his employment agreement would materially reduce DJSP BVI's revenues also indicate that Stern and DJSPA exerted control. (*Id*. ¶ 79.)

In sum, Plaintiffs have adequately pled that Stern, DJSPA, DJSP BVI and DJS Processing are a "single employer" that may be held jointly and severally liable for WARN Act violations.

### C. Stern and DJSPA as "Employers" under the Alter Ego Theory

Plaintiffs seek to impose alter ego liability and to pierce the corporate veil in order to hold Stern and DJSPA jointly and severally liable for DJSP BVI's WARN Act violations. Stern and DJSPA contend that Plaintiffs fail to allege facts sufficient to plead alter ego liability or a need to pierce the corporate veil.

Plaintiffs state a separate cause of action for "Alter Ego-Piercing the Corporate Veil of DJSP BVI" (Count I) and "Alter Ego-Stern" (Count II). (D.E. 22 ¶¶ 99–102, 103–107.) As the Court in *Tara Prod., Inc. v. Hollywood Gadgets, Inc.*, 2010 WL 1531489, * 9 (S.D. Fla. Apr. 16, 2010) explained,

> Alter ego is not a separate cause of action for which relief can be granted; rather...alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity...[t]herefore, the Court dismisses Count VI (alter ego) with prejudice. Plaintiff must instead plead allegations regarding alter ego in the body of its Complaint and then identify, under each relevant count, which specific Defendant is being charged on the theory of piercing the corporate veil.

*Id*. Accordingly, the Court will dismiss Counts I and II with prejudice but grant Plaintiffs leave to amend their complaint.

**D. Jury Trial**

Stern and DJSPA contend in their Motion to Dismiss that WARN Act claims are equitable in nature, and thus, Plaintiffs do not have the right to demand a jury trial in the instant action. In support of their contention, the defendants cite *Bledsoe v. Emery Worldwide Airlines, Inc.*, 258 F. Supp. 780, 789–99 (S.D. Ohio 2003), in which the court undertook an analysis of the WARN Act's legislative history and held that the statutory relief of back pay and benefits provided to terminated employees under the WARN Act are equitable in nature for which no right to a jury trial exists. Plaintiffs concede this point in their Response. Accordingly, the Court will strike Plaintiffs' demand for a jury trial from the First Amended Complaint.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that David J. Stern's Motion to Dismiss (D.E. 28) and Defendant Law Offices of David J. Stern's Motion to Dismiss (D.E. 27) is GRANTED IN PART. Counts I and II are DISMISSED WITH PREJUDICE. It is further

ORDERED AND ADJUDGED that Plaintiffs' demand for a jury trial is hereby STRICKEN. Plaintiffs may file a second amended complaint.

DONE AND ORDERED in Chambers, Miami, Florida, this 27th day of April, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE