UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-62302-CIV-SCOLA

RENAE MOWAT, NIKKI MACK,
ARKLYNN RAHMING, and QUENNA
HUMPHREY, individually and on behalf of all
other similarly situated individuals,

      Plaintiffs,

vs.

DJSP ENTERPRISES, INC., a Florida
Corporation, DJSP ENTERPRISES, INC., a
British Virgin Islands Company, LAW
OFFICES OF DAVID J. STERN, P.A., and
DAVID J. STERN, individually, DAL
GROUP, LLC, a Delaware LLC, DJS
Processing, LLC, a Delaware LLC,
PROFESSIONAL TITLE AND ABSTRACT
COMPANY OF FLORIDA, a Delaware LLC,
and DEFAULT SERVICING, LLC, a
Delaware LLC,

      Defendants.
_____/

## FINAL ORDER AND JUDGMENT APPROVING
## CLASS ACTION SETTLEMENT

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Final Approval and Entry of Judgment Approving Class Action (ECF No. 127). On June 8, 2012, the Court conducted a hearing pursuant to Federal Rule of Civil Procedure 23(e) (the "Final Approval Hearing"),[1] as to the fairness, reasonableness and adequacy of the settlement of this class action lawsuit (the "WARN Action") that the Parties seek to have approved (ECF No. 124) (the

---

[1] Terms and phrases in this Order correspond to defined terms in the WARN Action Settlement Agreement, including Exhibits contained in ECF No. 124, which is incorporated into this Final Order and Judgment.

"Settlement"). The Court preliminarily approved the Settlement on March 8, 2012 (ECF No. 125). The Court has considered the record and evidence presented by the Parties to establish, pursuant to Rule 23(e)(2), Federal Rules of Civil Procedure, that the Settlement is fair, reasonable, and adequate. Accordingly, the Court hereby **ENTERS** this **FINAL ORDER AND JUDGMENT**:

1. The Plaintiffs' Unopposed Motion for Final Approval and Judgment Approving Class Action Settlement (ECF No. 127) is **GRANTED**. The Settlement is finally approved in all respects. The Court has jurisdiction over the subject matter of this WARN Action and to approve the Settlement Agreement (including all Exhibits thereto), and the Court has personal jurisdiction over all Parties to this WARN Action, including all Settlement Class Members.

2. The Settlement is fair, reasonable and adequate to the Named Plaintiffs and the Settlement Class, in their best interests, and meets the requirements of the Federal Rules of Civil Procedure.

3. The Settlement resulted from informed, arm's-length negotiations conducted in good faith by counsel for the Parties. The relief to Settlement Class Members, including the creation and the proposed disbursement of the Settlement Fund,[2] constitutes a common benefit to the Settlement Class which is substantial, appropriate and ascertainable. The response of the Settlement Class to this Settlement has been overwhelmingly favorable. Not a single Settlement Class Member or a governmental entity objected to the Settlement or moved to intervene. Also, no Settlement Class Member has through the date of this Order requested exclusion from the Class or the Settlement.

---

[2] *See* ¶¶ 52-55 [DE 124-1].

4. Permanent class certification is appropriate under Federal Rules of Civil Procedure 23(a) and 23(b)(3): (i) Settlement Class Members are so numerous as to make joinder of all members impracticable; (ii) there are questions of law or fact common to the Settlement Class; (iii) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members; (iv) the Named Plaintiffs and Class Counsel fairly and adequately protected the interests of the proposed Settlement Class Members, including by entering into and implementing the Agreement, and will continue to protect the interests of the Settlement Class; (v) questions of law or fact common to the Settlement Class predominate over any questions affecting only individual members; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the WARN Action.

5. Accordingly, the Court finally certifies the following Settlement Class:

All employees of the Defendants who, from September 1, 2010 through November 30, 2010, were terminated from employment at Defendants' Locations without being provided sixty (60) days written notice of a mass layoff before the date of their termination.

Excluded from the Settlement Class are (1) Part-time employees; (2) Defendants and their parents, subsidiaries, affiliates, and any of their current officers, directors, and employees; (3) all officers, employees, and agents of Class Counsel, counsel of record for Defendants, and their immediate families; (4) any entity in which any of the persons or entities in (1) and (2) above have a controlling interest, and the legal representatives, heirs, successors, and assigns of such person or entity; and (5) members of the Southern District of Florida judiciary and their immediate families.

6. As indicated by the Declaration of its representative, Loree Kovach [DE    ], Settlement Services, Inc., the Court-appointed Settlement Administrator, has met all requirements as set forth in the Preliminary Approval Order and the Parties' Settlement Agreement. The Court therefore confirms the appointment of Settlement Services, Inc., as the Settlement Administrator, which shall continue to administer the Parties' Settlement in

accordance with the terms and conditions of this Final Order and Judgment and the Settlement Agreement.

7. The notice methodology implemented pursuant to the Parties' Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the WARN Action, the terms of the Settlement, the amount of the Attorneys' Fee Award and Incentive Awards provided for under the Settlement Agreement, their right to object or exclude themselves from the proposed Settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of Federal Rule of Civil Procedue 23, and due process.

8. The CAFA Notices sent by Defendants through the Settlement Administrator to governmental authorities complied with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005.

9. The Named Plaintiffs' unopposed Plaintiffs' Motion for Attorney Fees, Expenses to Class Counsel, and Incentive Awards to Class Representatives and Incorporated Memorandum of Law (ECF No. 126) is **GRANTED** and the Court approves the Attorneys' Fee Award and Incentive Awards requested therein.

10. The Court confirms the appointment of Named Plaintiffs Renae Mowat, Nikki Mack, Arklynn Rahming, and Quenna Humphrey as representatives of the Settlement Class.

11. The Court confirms the appointment of the following as Class Counsel for the Settlement Class: Steven R. Jaffe, Gary Farmer, Jr., Seth Lehrman, Mark S. Fistos, and their

4

firm, Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.; Dawn M. Rapaport, Esq., and the firm, Rapaport Law Group; and Chandra Doucette, Esq.

12. The Court finds that Class Counsel and the Named Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Agreement, and will continue to protect the interests of the Settlement Class. There have been no objections to the Attorneys' Fee Award for Class Counsel or the Incentive Awards agreed to in the Settlement Agreement.

13. Class Counsel is hereby awarded full payment of its costs and expenses, plus the sum of $125,000.00 as full payment of any and all attorneys fees. Incentive Awards in the amount of $1,500.00 are awarded to each of the following Named Plaintiffs: Renae Mowat, Nikki Mack, Arklynn Rahming, and Quenna Humphrey. The foregoing awards are to be paid according to Settlement Agreement (ECF No. 124-1).

14. As further established by the Declaration of Loree Kovach, the representative of Settlement Services, Inc. (ECF No. 128), no Settlement Class Member has requested exclusion from the Settlement Class. Neither any Settlement Class Member nor any governmental authority has objected to the Settlement or moved to intervene in this WARN Action.

15. The Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class shall be and are hereby bound by the Settlement Agreement. They have conclusively compromised, settled, discharged, dismissed, released any and all Released Claims against Defendants and provided the other Releasees, as set forth in the Settlement Agreement.[3] All of their claims, as provided under the Settlement Agreement, are

---

[3] This Final Order and Judgment incorporates all provisions of the Settlement Agreement, including but not limited to, the release contained therein.

dismissed with prejudice and released with the Parties bearing their own fees and costs except as expressly provided in this Final Order and Judgment and the Parties' Settlement Agreement.

16. The Parties' Settlement Agreement and this Final Order and Judgment are binding upon, and have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members who have not been excluded from the Settlement Class, as well as their heirs, executors, administrators, successors, assigns, and estates.

17. In accordance with the Settlement Agreement, on the Effective Date, the Named Plaintiffs, and all Settlement Class Members who have not been excluded from the Settlement Class, shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims against the Releasees as those terms are defined in the Settlement Agreement, and are barred from asserting any Released Claims against Defendants and the other Releasees defined in the Settlement Agreement.

18. The Named Plaintiffs, and all Settlement Class Members are barred and enjoined from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit, arbitration, or other proceeding in any jurisdiction based upon, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this WARN Action and/or the Released Claims and (ii) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include

class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the WARN Action and/or the Released Claims.

19.     The Agreement and the Settlement provided for therein, this Final Order and Judgment and any proceedings taken pursuant thereto, are not, and shall not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or non-liability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to the Parties' Settlement Agreement and the Parties' Settlement provided therein in such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement.

20.     Without affecting the finality of the Final Order and Judgment, the Court reserves exclusive and continuing jurisdiction over Defendants, the Named Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and the Final Order and Judgment.

21.     Without further order of the Court, the Parties may enter into written agreements that amend, modify or expand the Settlement Agreement and its implementing documents (including the exhibits to the Settlement Agreement) provided that such amendments, modifications, or expansions of the Settlement Agreement (i) are not materially inconsistent with this Final Order and Judgment; and (ii) do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

22.     The Order shall serve as a final judgment within the meaning of Federal Rules of Civil Procedure 54 and 58.  Any pending motions are denied as moot.

23. The Clerk of the Court shall enter this Final Order and Judgment forthwith and **CLOSE** this file.

**DONE and ORDERED** in chambers, at Miami, Florida, on June 8, 2012.

_____
**ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE**

Copies to:
*Robin S. Rosenbaum, U. S. Magistrate Judge
Counsel of Record*